BANKS, Justice,
dissenting in part:
I am compelled to dissent to that portion of the majority disposition which affirms on the cross-appeal. In my view the majority inappropriately focuses upon the question whether the event of November 12, 1986, caused the disability, when the undisturbed finding of the administrative judge was that the disability was caused by the cumulative effect of exposure to welding fumes over time.
The administrative law judge correctly applied the principle established in Jenkins v. Ogletree Farm Supply, 291 So.2d 560 (Miss.1974), to find a compensable injury. Finding that Dial had no diminution of his ability to earn wages from a pre-existing condition pri- or to the onset of disability from the cumulative effect of exposure to fumes, he rejected apportionment relying on Stuart’s, Inc. v. Brown, 543 So.2d 649 (Miss.1989). The full commission without analysis, and, without the benefit of our later decision in Delta CMI v. Speck, 586 So.2d 768 (Miss.1991), rejected the administrative law judge’s application of Stuart’s, Inc., expressed the opinion that the disability was 90% attributable to smoking without reference to any previous occupational disability.
The record is bereft of evidence of a preexisting occupational disability previous to the “injury,” as that term is defined in Jenkins, 291 So.2d at 567, 568. For that reason the order of the commission should be reversed and the order of the administrative law judge restored. The least that is required, however, is a reversal and remand to the commission for further findings on the issue.
SULLIVAN and PITTMAN, JJ., join this opinion.
McRAE, J., joins in part.